UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ELWOOD THOMAS,                                                    **COMPLAINT**

                                        Plaintiff,

                                                                 Index No.

            -against-                                            <u>Jury Trial Demanded</u>

CITY OF NEW YORK, "JANE" QUINONES, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

      Plaintiff ELWOOD THOMAS, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

      1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## <u>JURISDICTION</u>

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

      4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff ELWOOD THOMAS is a fifty-one-year-old man residing in Brooklyn, New York. Mr. Thomas is an active New York City Paramedic employed the New York City Fire Department and licensed by the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, "JANE" QUINONES, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

**Incident 1 – The November 10, 2014 False Arrest and Malicious Prosecution**

12.     On November 10, 2014, at approximately 8:00 a.m., plaintiff was arrested by defendant NYPD Detective "Jane" Quinones at 638-650 Sterling Place, Brooklyn, New York.

13.     Defendant Quinones knew that probable cause was lacking for the arrest, but nonetheless processed the arrest and caused the imprisonment of the plaintiff in various police and central booking facilities in Brooklyn, New York.

14.     As a result of the false arrest, plaintiff was imprisoned and processed on purported felony charges, and was compelled to appear in Kings County Criminal Court on November 11, 2014, at approximately 8:00 p.m., approximately 36 hours after his arrest, when he was arraigned on baseless charges filed under docket number 2014KN084461.

15.     The malicious prosecution compelled plaintiff to return to Kings County Criminal Court on a number of occasions thereafter until approximately April 30, 2015, on which date the purported charges that were levied against plaintiff were dismissed and sealed.

16.     Defendants JOHN and JANE DOE 2 through 5 either supervised, participated in, and/or failed to intervene in the above described acts of misconduct.

**Incident 2 – The February 21, 2015 False Arrest and Malicious Prosecution**

17.     On February 21, 2015, at approximately 8:00 a.m., plaintiff was falsely arrested by defendant NYPD detective JOHN DOE 1, a male detective working at the NYPD facility located at 480 Knickerbocker Ave., Brooklyn, New York 11237, who arrested plaintiff despite

3

the absence of probable cause to do so.

18.     As a result of the false arrest, plaintiff was imprisoned and processed on purported felony charges, and was compelled to appear in Kings County Criminal Court later on February 21, 2015, when he was arraigned on baseless charges filed under docket number 2015KN010209.

19.     The malicious prosecution compelled plaintiff to return to Kings County Criminal Court on numerous occasions thereafter until approximately August 5, 2015, on which date the purported charges that were levied against plaintiff were dismissed and sealed.

20.     Defendants JOHN and JANE DOE 6 through 10 either supervised, participated in, and/or failed to intervene in the above described acts of misconduct.

21.     Incidents One and Two set forth above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees. Specifically, the City of New York has failed to train its police officers in the proper methods of investigation and the determination of whether probable cause exists to make an arrest.

22.     The aforesaid events are not isolated incidents.   Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: proper methods of investigation, the probable cause requirement, and that they otherwise engage in a practice of falsification.

23.     For instance, in another civil rights action filed in this court involving false

4

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

24.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware prior to Incidents One and Two set forth above that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiff ELWOOD THOMAS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

5

attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff ELWOOD THOMAS sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### **Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 – Incidents One and Two –
Against the Individually Named Defendants)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiff ELWOOD THOMAS without probable cause, causing him to be detained against his will for extended periods of time and subjected to physical restraints.

34.     Defendants caused plaintiff ELWOOD THOMAS to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983 – Incidents One and Two – Against the Individually Named Defendants)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants initiated, commenced and continued malicious prosecutions against plaintiff ELWOOD THOMAS.

38.     Defendants caused plaintiff ELWOOD THOMAS to be prosecuted without any probable cause until the charges were dismissed on or about April 30, 2015 and August 5, 2015, respectively.

39.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 – Incidents One and Two – Against the Individually Named Defendants)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants had an affirmative duty to intervene on behalf of plaintiff ELWOOD THOMAS, whose constitutional rights were being violated in their presence by other officers.

42.     The defendants failed to intervene to prevent the unlawful conduct described herein.

43.     As a result of the foregoing, plaintiff ELWOOD THOMAS' liberty was restricted for extended periods of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

44.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 – Incidents One and Two – Against the Individually Named Defendants)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

47.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 – Incidents One and Two – Against Defendant City
of New York)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ELWOOD THOMAS' rights as described herein.   In addition, the New York City Police Department has failed to properly train its employees with regard to proper investigatory methods and the probable cause required to make an arrest, and are also aware that many officers engage in falsification in support of improper arrests.   As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ELWOOD THOMAS.

52.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff ELWOOD THOMAS as alleged herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ELWOOD THOMAS as alleged herein.

54.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ELWOOD THOMAS was unlawfully arrested and maliciously prosecuted.

55.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ELWOOD THOMAS' constitutional rights.

56.     All of the foregoing acts by defendants deprived plaintiff ELWOOD THOMAS of federally protected rights, including, but not limited to, the right:

        A.     To be free from false arrest/unlawful imprisonment;

        B.     To be free from the failure to intervene; and

        C.     To be free from malicious prosecution.

57.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

60.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

62.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

63.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York – Incidents One and Two – Against All Defendants)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The defendant officers arrested plaintiff ELWOOD THOMAS without probable cause.

66.     Plaintiff was detained against his will for extended periods of time and subjected to physical restraints.

67.     As a result of the aforementioned conduct, plaintiff ELWOOD THOMAS was

unlawfully imprisoned in violation of the laws of the State of New York.

68.     As a result of the aforementioned conduct, plaintiff ELWOOD THOMAS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

69.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

70.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York – Incidents One and Two – Against All Defendants)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendant officers made offensive contact with plaintiff ELWOOD THOMAS without privilege or consent.

73.     As a result of the defendant officers' conduct, plaintiff ELWOOD THOMAS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

75.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York – Incidents One and Two – Against All Defendants)

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendant officers initiated, commenced and continued malicious prosecutions against plaintiff ELWOOD THOMAS.

78.     Defendant officers caused plaintiff ELWOOD THOMAS to be prosecuted without probable cause until the charges were dismissed on or about April 30, 2015 and August 5, 2015.

79.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

80.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York – Incidents One and Two – Against Defendant City of New York)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ELWOOD THOMAS.

83.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

84.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York – Incidents One and Two – Against Defendant City of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in false arrests and malicious prosecutions of plaintiff ELWOOD THOMAS.

87.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York – Incidents One and Two – Against All Defendants)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90.     Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

91.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 – Incidents One and Two – Against All Defendants)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     As a result of defendant officers' conduct, plaintiff ELWOOD THOMAS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

94.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

15

95.     As a result of the foregoing, plaintiff ELWOOD THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ELWOOD THOMAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       February 7, 2016

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff ELWOOD THOMAS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     /s/ Brett Klein_____
        BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ELWOOD THOMAS,

                                    Plaintiff,                Docket No.

         -against-

CITY OF NEW YORK, "JANE" QUINONES, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                Defendants.

--------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132